Meigs v. Rinaldo.

---

HENRY MEIGS, JR., *et al.* Respondents, *against* MARKS RI-
NALDO *et al.* Appellants.

(Decided June 16th, 1879.)

In a suit to foreclose a mortgage on real estate, an order to show cause why a receiver of the rents and profits should not be appointed and an injunction against the collection of them by the mortgagor until the decision of the motion was granted, and afterwards a stipulation was made between the attorneys of the mortgagor and mortgagee that the rent then due, and those that should become due prior to a decision of the motion, should be collected by the attorneys for the mortgagor and paid to the receiver, if appointed, but otherwise to be held by them. The receiver was appointed, and the mortgagor's attorneys paid him the

rents collected by them, and on a sale of the property under a decree in the suit there was a deficiency greater than the sum found in the hands of the receiver on his accounting. Within four months after the granting of the order to show cause, a petition in bankruptcy was filed against the mortgagor, under which he was adjudged a bankrupt, and a deed of assignment made prior to the appointment of the receiver. *Held*, that the stipulation by the attorneys of the mortgagor was not in contravention of any provisions of the Bankrupt Act, and that the assignee in bankruptcy was not entitled to the money in the hands of the receiver, but that the mortgagee was entitled to have it paid to him on account of he deficiency on the sale.

APPEAL from an order of this court made at special term, granting a motion that the receiver *pendente lite* pay to the plaintiffs certain rents and profits collected by him.

The plaintiffs, in two actions brought to foreclose mortgages made by the defendant Rinaldo, obtained an order to show cause why a receiver of rents and income should not be appointed *pedente lite*, dated August 19th, 1878, by which the defendant named was enjoined from collecting or interfering with the rents. On August 21st, 1878, pending the decision of the motion, the attorneys for the plaintiffs and the defendant Rinaldo stipulated that the rents and income then due, and to become due prior to the decision of the motion, should be collected by the defendant's attorneys, to be paid to the receiver, if appointed, otherwise to be held by them. The collections were paid to the receiver in accordance with the stipulation and the provisions of the order appointing him, dated December 2d, 1878. The defendant Rinaldo was adjudicated a bankrupt September 17th, 1878, on a petition filed against him August 27th, 1878, and Morris Davis appointed assignee in those proceedings October 25th 1878, and a deed of assignment of the bankrupt's property and effects, dated October 31st, 1878, was executed by the register in bankruptcy. The assignee was made a party-defendant in the foreclosure actions, in which there was a deficiency after sales of the mortgaged premises exceeding the sum found in the receiver's hands in passing his accounts. The assignee claimed the balance in the receiver's hands, alleging that the stipulation was void, having been procured to obtain, and the plaintiffs thereby having obtained, an

illegal preference over the bankrupt's other creditors. The fund was ordered paid to the plaintiffs or their attorneys on account of the deficiency in the foreclosure actions.

. The assignee in bankruptcy appealed from the order.

*Michael Jacobs*, for appellants.

*Roe & Macklin*, for respondents.

BEACH, J.—The order to show cause and injunction was issued nearly a month prior to the adjudication in bankruptcy and more than two months before the appointment of the assignee. The bankrupt could not, therefore, without violating the injunction, have exercised any control over the income of the mortgaged property, or assigned or transferred it in contravention of the provisions of the Bankrupt Act. The stipulation signed by his attorneys was made before the adjudication in bankruptcy, and was not " a pledge, assignment, transfer or conveyance " of any part of the bankrupt's estate made by him within four months before the filing of the petition. It was but a wise precaution to insure the collection of the rentals and likely to preserve the income arising from the mortgaged premises. Had the stipulation never been made no change would have resulted to the receiver's right to the rents, and his title to them in no wise rested upon or flowed from it. Without it he would have collected the rentals accrued between the date of the injunction and his qualification. Neither is the stipulation " an assignment, gift, sale, conveyance or transfer " by the debtor of his estate within the latter portion of the section of the Bankrupt Act under consideration. For the same reasons it is not an instrument, either made by the insolvent with intent to give a preference, or received by the plaintiffs, knowing a fraud on the act was intended. No evidence of such intent appears from the record.

The propriety of the receiver's appointment is conceded, and his right to the rentals came from that appointment, and not from the stipulation. The title of the mortgagor to the rents was subject to the mortgage and all

incident equities, and the assignee in bankruptcy could take no more than the bankrupt himself possessed.

The case of *Hayes* v. *Dickinson* (9 Hun, 277) is precisely in point. There the mortgagor was adjudicated a bankrupt prior to the appointment of a receiver in the foreclosure action. The income in his hands at the accounting was ordered paid to the mortgagee in reduction of the deficiency, despite the claim of the assignee in bankruptcy.

The order should be affirmed.

LARREMORE and VAN HOESEN, JJ., concurred.

Order affirmed.